Ryan Lee, Esq. (SBN 0235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400 x241
F: (866) 802-0021
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
ANDREW KLINK.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANSICO DIVISION

ANDREW KLINK,  ) Case No.: CV 12 1889
                ) 
    Plaintiff,  ) VERIFIED COMPLAINT
                )
    v.          ) (Unlawful Debt Collection Practices)
                )
NORTHSTAR LOCATION SERVICES, )
LLC,            )
                )
    Defendant.  )

## VERIFIED COMPLAINT

ANDREW KLINK (Plaintiff), by attorneys, KROHN & MOSS, LTD., alleges the following against NORTHSTAR LOCATION SERVICES, LLC (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

2. Count II of Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. (RFDCPA).

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

- 1 -

VERIFIED COMPLAINT

without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business in the state of California; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Burlingame, San Mateo County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national company with its headquarters in Cheektowaga, New York.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. In or around September of 2011, Plaintiff began receiving calls from Defendant in connection with the collection of an alleged debt.

12. Defendant calls Plaintiff from 866-677-2569, 888-820-0963, and possibly other numbers also.

13. Since the very earliest calls, Plaintiff informed Defendant that he refuses to speak to Defendant; that he is working with a debt settlement company who is making efforts to resolve the account and is in contact with Defendant regarding same, and that further calls directly to Plaintiff cease.

14. Despite the foregoing, Defendant continued to call Plaintiff directly, at least twice but as often as seven times per day, seeking and demanding payment on an alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendant violated the FDCPA based on, but not limited to, the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; and

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

WHEREFORE, Plaintiff, ANDREW KLINK, respectfully request judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

16. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

17. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

18. Any other relief this Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

20. Defendant violated the RFDCPA based on, but not limited to, the following:

    a. Defendant violated §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly and continuously so as to annoy the person called;

VERIFIED COMPLAINT

b. Defendant violated §1788.11(e) of the RFDCPA by placing collection calls with such frequency that was unreasonable and constituted harassment; and

c. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, ANDREW KLINK, respectfully request judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

21. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

22. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

23. Any other relief this Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: April 9, 2012              KROHN & MOSS, LTD.

By: _____
Ryan Lee
Attorney for Plaintiff

VERIFIED COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, ANDREW KLINK, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, ANDREW KLINK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 12/15/11

ANDREW KLINK